HAYES v. SEASE.

1. AN EXCEPTION should be so framed as to point out the specific error of law alleged to have been committed by the Judge in the quotation from the charge.

2. DAMAGES—ASSAULT AND BATTERY.—The Judge properly instructed the jury upon the doctrine that opprobrious words may be taken in consideration by them in mitigation of damages for an admitted assault and battery. *Rhodes* v. *Bunch*, 3 McC. L., 50, and *Dean* v. *Horton*, McM., 147, *distinguished from this.*

3. CHARGE—ASSAULT AND BATTERY.—In an action for damages from an assault and battery the defendant is not prejudiced by an instruction to the jury, "If you have been aggrieved, slandered, the Courts are open, you can bring your suit for a civil action for slander or a criminal action either."

4. CHARGE.—A Judge would charge on the facts if he were to say to the jury, "If the plaintiff was not the aggressor in the second and third encounter which the parties had on this occasion * * *"

5. AN EXCEPTION which charges the Judge with commenting on the facts and does not point out wherein he did so, will not be considered.

Before GARY, J., Lexington, February, 1896.    Affirmed.

Action by English S. J. Hayes against T. Sims Sease. Judgment for plaintiff.    Defendant appeals.

*Messrs. Meetze & Muller,* for appellant, cite: *Charge on facts:* Con., art V., sec. 26; 47 S. C., 488.    *The doctrine of opprobrious words in mitigation of damages correctly stated in* 3 McC. L., 50; 2 McM., *147.

*Mr. J. B. Wingard,* contra, cites: *Exceptions too general:* 50 S. C., 95; 49 S. C., 285; 51 S. C., 55; 18 S. C., 103; 19 S. C., 61; 20 S. C., 583; 30 S. C., 167; 40 S. C., 99; 44 S. C., 485.    *Charge not on the facts:* 47 S. C., 488; 24 S. C., 505; 37 S. C., 253; 17 S. C., 137; 15 S. E. R., 959; 49 S. C., 488.

March 18, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE.    This was an action for damages by reason of an assault and battery.    The action came on for trial before his Honor, Judge Gary, and a jury at February, 1896, term of the Court of Common Pleas for Lexington County, in this State.    The jury rendered a verdict for the plaintiff in the sum of $825, but, upon motion, the Circuit Judge reduced the verdict to the sum of $575, for which latter sum the plaintiff entered up his judgment.    Thereupon the defendant appealed on six grounds, as follows (which we will consider in their numerical order): "1. Because his Honor erred in charging the jury as follows: 'He

(meaning the defendant) admits he struck the plaintiff, but undertakes to justify it, as he expressed it, because he called his wife a damn lie. The law requires me to charge you, that would not be sufficient justification. No one has the right to take the law in his own hands and punish some one who has done a real or imaginary wrong. If the wife had been damaged, if the reputation of the wife had been damaged, the Courts were open to him, and it was his duty to come to Court and seek redress for his grievances. The defendant had no right to measure the amount of punishment he should inflict upon the plaintiff; therefore, if he struck and beat him for having called his wife a damn lie, he violated the law and made himself liable to a civil action. Now it becomes a question to determine, has he damaged the plaintiff by beating him, and, if so, to what extent. You heard the witness detail the evidence as to the injuries. It is for you to estimate what amount of injury he has received, and for what amount he should be compensated. In estimating that damage you are at liberty to consider under what circumstances the injuries were inflicted. Was it done with wanton, reckless disregard of the rights of the plaintiff? If so, then you are at liberty to add smart money against the defendant for having inflicted the wrong, to hold him up as an example to others, and to compensate the plaintiff for whatever damage he has sustained.' Whereas, it is respectfully submitted that his Honor should have charged as follows: Although men are not to be encouraged in taking the law in their own hands, either to obtain satisfaction for a private injury or to redress a public wrong, yet the law will excuse when it cannot justify, and mitigate when it cannot excuse, if the transaction has proceeded from a proper motive, and the injury to the party complaining is not greater than he deserved." In the first place, it is to be regretted that specific objections are not embodied in a ground of appeal. We cannot commend this practice of citing a part of a charge, and then say that the Judge erred in making it. Why

cannot an exception be framed to point out the specific error of law, in such portion of the charge quoted, committed by the Judge?   It can be done and ought to be done.   But the appellant submits as the proper charge to have been made by the Circuit Judge, some language which was used in the case of *Rhodes* v. *Bunch*, 3 McCord's Law, 50 and 66.   When we examine the case of *Rhodes* v. *Bunch*, *supra*, and *Dean* v. *Horton*, 2 McMullan, 147, we find that the questions on appeal related to the admission of testimony, and testimony was admitted showing the inducement to the transaction, and all such particulars in the conduct of either party, leading to the final act or forming a part of it, as seemed to show in what degree blame attached to them severally, were admitted in testimony, to aid the jury in determining the just measure of damages.   Now, in the case at bar, Judge Gary, who presided at the trial, gave full latitude to both sides in these several directions.   When the Circuit Judge came to charge the jury, he was careful to announce the rule that words would not justify blows—but still, in that connection, he charged the jury, "In order for you to ascertain whether there was vindictive damage or not, the facts and circumstances under which the battery occurred were allowed to be brought out in Court.   Now, did the plaintiff call the wife of the defendant a damn lie?   If so, you take into consideration how much that would mitigate the damage he has sustained.   In other words, it was brought out before you to ascertain the facts and circumstances under which the injury was inflicted, in order for you to determine whether it was done in a wanton, reckless manner, or whether done under provocation."   The language of Judge Nott, in *Rhodes* v. *Bunch*, *supra*, which was quoted by appellant, suited the circumstances of that cause, which was full of aggravation, but we are not prepared to say that those words were any wiser than the ones used by Judge Gary.   These are not times which justify a Circuit Judge in offering a premium, so to speak, on violence.   The hearts

of all good citizens are stirred at the dreadful results which sometimes follows to the supposed power of a man when he conceives himself to be wronged by his fellow-man, and in consequence thereof, takes the law into his own hands to redress those wrongs. Later on in this opinion, care may be taken to set forth what Judge Gary said on this branch of the case. We cannot sustain this ground of appeal.

"2. Because his Honor erred in charging as follows: 'But it (the law) does not give to one man the right to go and chastise or beat, inflict punishment, on another for words spoken, no matter how opprobrious or insulting.' And it is respectfully submitted that his Honor should have charged that, in actions for assault and battery, opprobrious words or epithets, which give rise to the difficulty, are proper matters to be considered by the jury in mitigation of damages." We would remark that the full charge of the Judge on the point referred to in this exception was: "The law does not permit one to measure his wrongs, to go and take out what he conceives to be redress upon any citizen. The law does not tolerate that. You have the right to strike your neighbor to keep him from striking you; that is based upon necessity—that is self-defense. All civilized countries recognize the right of self-defense. You have the right to repel force with force," and then he used the language quoted in the exception. We think his Honor, in the previous part of his charge, had told the jury that all the facts and circumstances had been brought out, so that mitigation of an admitted assault and battery might be applied by the jury. We overrule this ground.

"3. Because his Honor erred in charging as follows: 'If you have been aggrieved, slandered, the Courts are open; you can bring your suit for a civil action for slander or a criminal action either—both branches of the Court.' We submit that this charge of his Honor was manifest error. Under this charge, the jury, taking the law from the Court, might conclude, and, in all probability, did conclude, that the defendant had the right to have the

plaintiff indicted for slander, and, therefore, had no right to the mitigation which the law allowed him." We do not see that any injury could come to the defendant by this charge of the Judge. His purpose was to deny to individuals the right to take into their own hands the redress of their supposed grievances. The fact was relied upon that Courts are provided for the vindication of rights and the suppression of evil practices. This ground of appeal is dismissed.

"4. Because his Honor erred in charging as follows: 'Take the record. If you find for the plaintiff, you simply say, we find for the plaintiff so much in dollars and cents; if you find that he has not made out a case, you find for the defendant. Having admitted the battery, if he has not shown a legal justification (and words spoken would not be a legal justification), it is your duty to find a verdict for the plaintiff.' We submit this was error. His Honor, by this charge, practically took from the jury all the facts and circumstances which gave rise to this difficulty, and thereby deprived the defendant of his legal right to have the jury pass upon the question as to how far, and to what extent, the opprobrious words should go in mitigation of the damages." This is another effort to bring before us a detached part of the charge of the Judge. This charge must be considered as a whole, and, when so considered, the language complained of is easily understood. We cannot sustain this ground of appeal.

"5. Because his Honor erred in not instructing the jury that if the plaintiff was not the aggressor in the second and third encounters, which the parties had on this occasion, that the defendant was justified in using such force as might be necessary in protecting himself from bodily harm." The Circuit Judge explained clearly the law of self-defense. He could not have charged that there were three encounters, for that would have been in violation of the Constitution as a charge upon the facts. Let this ground of appeal be overruled.

"6. Because his Honor erred in commenting upon the facts in connection with the case in his charge to the jury."

We must be allowed to say that the form of this exception will not warrant any consideration by us.

It refers to the whole charge; and fails to indicate where it is complained the Judge charged upon the facts. It will be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.