10157

DREHER *ET AL.* v. COLUMBIA MILLS CO.

(98 S. E. 194.)

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—REVIEW.—The Supreme Court cannot consider where the preponderance of the testimony lies.

2. NEGLIGENCE—QUESTION FOR JURY.—Whether a watchman was negligent in waiving a club in front of horse while telling plaintiff he could not use a private way, whereupon horse backed wagon into a dangerous excavation, *held* for jury.

3. APPEAL AND ERROR—MATTERS REVIEWABLE—SAVING OBJECTIONS—INSTRUCTIONS.—If the trial judge misstates the issues, his attention must be called to it or the error is waived.

4. NEGLIGENCE — PROXIMATE CAUSE — ACTS OF THIRD PERSONS. — If a watchman for defendant was negligent in brandishing his club in front of a horse while telling the driver, plaintiff, that he could not drive on the defendant's premises, causing the horse to back the wagon into a dangerous excavation on the property of a third person, defendant cannot excuse himself on the ground that the death trap was set by such third person.

Before WHALEY, County Judge, Richland, September, 1917. Affirmed.

Action by Mamie Dreher and her husband against the Columbia Mills Company. Judgment for plaintiffs, and defendant appeals.

*Messrs. William Elliott* and *James H. Fowles,* for appellant, submit: *That the unguarded decline in the public street is the proximate cause of the injuries complained, and defendant is in no way responsible for it is not on its property:* Bishop on Noncontract Law, par. 42; 59 C. C. A. 593; 124 Fed. 113; 63 L. R. A. 416; Wharton on Negligence, par. 134; 94 U. S. 469; 107 S. C. 62; 213 U. S. 7.

*Messrs. A. W. Holman* and *A. F. Spigner,* for respondents, submit: If a trial Judge misstates the issues, it is the duty of counsel to call his attention to such misstatement if he wishes to take advantage of it on appeal: 97 S. C. 116; 74 S. C. 102; 96 S. C. 74; 80 S. C. 407.

February 7, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

There was evidence that the plaintiff was going along Gist street in the city of Columbia; that Gist street ran through the yard of the defendant mills company; that the street had gates at both the entrance into and exit of the street from the mill yard; that the gate of entrance was open; that as the plaintiff was going through the gate a watchman of the defendant said to the plaintiff, "You can't go through there;" that plaintiff asked permission to go far enough to turn round, and that another watchman ran up brandishing a stick, and ordered the plaintiff to go back; that the second watchman came so close to the horse and used such threatening gestures that it frightened the horse, and it went backwards out of the gate and ran the wagon off of the street and down the embankment, whereby the plaintiff sustained serious injuries. Much of this was denied, but this Court cannot consider the preponderance of the testimony.

The defendant made a motion for the direction of a verdict on the ground that there has been no negligence of any agent of the defendant acting within the scope of his authority. The motion was refused, and this refusal constitutes the first exception. The second watchman, Mr. Spigner, said: "I am employed as watchman at the Columbia Mills, and it is my duty to stop all from coming into the mill yard, except employees of the mill."

There is testimony, therefore, that the watchman was acting in the line of employment. Now, did Mr. Spigner wave the stick at the horse? Did he wave it close enough to the horse to frighten him? Was it negligence to do so, in view of the fact that there was a dangerous excavation just in the rear of the wagon? All of these questions were for the jury, and we cannot set aside their findings. This exception cannot be sustained.

The second exception is as follows:

"His Honor erred when he charged the jury that if the plaintiff had acquired the right to go upon the defendant's property this right could not be negligently revoked, when there is no allegation in the complaint that the plaintiff acquired, or that the defendant revoked, a license to go upon its property, and when the allegation and proof was that the plaintiff was injured by a fall down a steep and dangerous embankment near one of the streets of Columbia, and not on the defendant's property."

This exception cannot be sustained.

The rule is that if the trial Judge misstates the issues, his attention must be called to it or the error is waived.

The second part of this exception is really another exception, but it cannot be sustained. A man cannot excuse himself for throwing one into a death trap on the ground that the trap was set by a third person. The proximity of a death trap calls for greater care.

The judgment is affirmed.