## 11150

TERRY v. RICHARDSON *ET AL.*

(116 S. E., 273)

1. TRIAL—REQUEST FOR MORE SPECIFIC INSTRUCTIONS AS TO LIABILITY OF SEVERAL DEFENDANTS HELD NECESSARY.—In a civil action against two defendants for assault and battery, where the defendants did not interpose separate defenses and there was nothing in the evidence to indicate conclusively that they relied upon the facts to justify one and not the other, the failure to instruct that a verdict could be found for or against either one of the defendants, instead of for or against the defendants generally, was not error, since, if more specific instructions as to the several liability of defendants and as to the form of the verdict were desired, it was the duty of defendants to request them.

2. EVIDENCE—SUBSEQUENT DECLARATION IS ADMISSIBLE TO SHOW HOSTILITY.—In a civil action for assault and battery where there was a clear-cut issue as to the motive or animus of the defendants on the occasion of the commission of the alleged assault and battery, a declaration, made by one defendant on the day after the assault, that they would kill plaintiff, was admissible against that defendant to show motive, or the existence of malice or ill will on his part; the fact that it was made subsequent to the assault not affecting its admissibility.

3. EVIDENCE—LIMIT OF TIME WITHIN WHICH SUBSEQUENT DECLARATION IS RELEVANT TO SHOW MOTIVE IS WITHIN DISCRETION OF THE TRIAL COURT.—The limit of time within which a declaration must be made after the commission of an assault to render it competent as evidence of motive or animus goes to the relevancy of the evidence, and is largely within the discretion of the trial Court.

4. TRIAL—RECORD HELD TO SHOW DECLARATION WAS NOT ADMITTED AGAINST CODEFENDANT.—In a civil action against two brothers for assault and battery, the record does not show error in admitting a

NOTE: As to evidence of provocation to mitigate damages in civil action for assault, see notes in 1 L. R. A. (N. S.), 137, and 11 L. R. A. (N. S.), 670.

subsequent declaration made by one defendant as evidence against the other defendant, where no objection to its admission on that ground was made and the Judge expressly ruled it was admitted to throw light on the attitude of "this man Richardson"; the reference being plainly to the defendant who had made the declaration.

5. Appeal and Error—Remark of Court in Refusing Instruction Held Favorable to Defendants.—Where defendants, who had recently come from another State, requested a charge that the law did not permit the jury to discriminate against any one who comes from another State, remarks by the trial Judge that the jury had too much sense to be told that, that if they felt that way they would not be fit to be jurors, and it was almost insulting the jury to tell them that, were not prejudicial to defendants, since such remarks clearly cast the odium for any insult to the jury by argument the defendants were not natives of the State on the counsel for plaintiff, who had injected such improper consideration into the case.

6. Trial—Charge Held Not to Assume Injuries Were Caused by Defendants.—An objection to a charge that if the jury concluded plaintiff was entitled to a verdict and the act of defendants was intentionally done, etc., and that in estimating the damages the jury should consider the circumstances under which the injuries were inflicted, as assuming as a fact that the injuries had been inflicted and defendants had committed the acts complained of, in violation of the constitutional prohibition against charging on facts, was hypercritical, especially where the charge as a whole left no room for doubt that all issuable facts were submitted to the jury's sole determination, so that no jury of reasonable diligence could have been misled.

7. Trial—Supplementary Charge Held Not Coercion of Jury.—A supplementary charge given after the jury had returned to the courtroom and announced inability to agree, in which the Judge failed to disclose how long the jury had been out when they re-them, and if they made a mistrial some other jury would have to be called in, that the Court regretted having to keep a jury locked up, but it was the only way known whereby they could get a verdict, was not erroneous as indicating undue pressure to induce a verdict.

8. Trial—Judge Cannot Use Language Encouraging Juror to Surrender Convictions to Reach Agreement.—In admonishing jurors of their duty to decide the case in hand, the trial Judge should not use language that may fairly be construed as tending to encourage the surrender of conscientious convictions merely for the purpose of agreement.

9. TRIAL—RETURN OF VERDICT WITHIN SHORT TIME AFTER SUPPLE-
MENTARY CHARGE DOES NOT SHOW COERCION.—Where the record
failed to disclose how long the jury had been out when they re-
ported their inability to agree and received a supplementary charge,
the fact that they returned a verdict within half an hour after re-
ceiving such charge is just as consonant with the theory that their
reported inability to agree was due to failure to give the proper
consideration as that the verdict was improperly reached because
of something said by the trial Judge.

10. ASSAULT AND BATTERY—PROVOCATION BY PLAINTIFF NOT AMOUNT-
ING TO JUSTIFICATION · CANNOT BE CONSIDERED TO MITIGATE COM-
PENSATORY DAMAGES.—Though provocation and malice on the part
of plaintiff in a civil action for assault and battery may be con-
sidered in mitigation of defendants' liability for exemplary dam-
ages, it cannot be considered in mitigation of compensatory dam-
ages, since, both on authority and on principle, one who is guilty
of a wrong is liable for the damages thereby caused, and to permit
such damages to be reduced by acts which did not justify the
wrong would permit that to be done indirectly which cannot· be
done directly.

Before McIVER, J., Charleston, January, 1922. Affirmed.

Action by Niemann A. Terry against Walter R. Richard-
son and Eugene Richardson. Judgment for plaintiff and
defendants appeal.

*Messrs. Logan & Grace, John I. Cosgrove* and *Buist &
Buist,* for appellants, cite: *Jury should have been instructed
that they could find against either or both defendants:* 1
Brev., 503. *Statement of one defendant subsequent to as-
sault incompetent:* 85 S. C., 239; 94 S. C., 95; 117 S. C.,
44; 2 Bail. L.; 466; 110 S. E., 133; 3 Cyc., 1089; 88 S. C.,
236; 40 S. C., 330. *Charge on facts:* 68 S. C., 162; 116
S. C., 314; 27 S. E., 531; 25 S. E., 809; 10 S. E., 615.
*Coercion of jury into rendering a verdict:* 106 S. C., 150;
107 S. C., 115; 112 S. E., 926; 16 Mo., 589; 199 Mass.,
403; 90 S. W., 164. *Provocation as mitigating damages,
both actual and punitive:* 2 R. C. L., 578, 587; 3 McC., 66;
2 McMull, 147; 51 S. C., 535; 69 S. C., 460; 30 L. R. A.
(N. S.), 1046; 84 S. E., 278; 83 S. W., 902; 91 S. W., 809;
9 S. E., 1021; 86 N. Y., 324; 30 Am. Rep., 543.

*Messrs. J. D. E. Meyer* and *Thos. P. Stoney,* for respondent, cite: *Matters of justification must be pleaded:* 3 Cyc., 1084; 5 C. J., 655, 661. *Parties must request Court to charge on particular points:* 20 S. C., 924; 107 S. C., 1; 49 S. C., 438; 38 Cyc., 1639–40; 109 S. C., 253; 78 S. C., 253. *Admissibility of statements of defendant made after assault:* 31 Ann. Cas., 958; 63 Me., 183; 76 Ind., 317; 26 S. C., 599; 24 S. C., 142; 73 S. C., 280. *No coercion of jury:* 106 S. C., 150; 105 S. C., 243; 97 S. C., 24; 74 S. C., 138; 86 S. C., 48; 113 S. E., 305; 113 S. E., 307; 107 S. C., 1; 115 S. C., 360. *Mitigation of damages:* Ann. Cas., 1917D, 580; 4 L. R. A. 500; 16 A. S . E., 816; 60 S. C., 460.

March 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action, sounding in damages for an assault and battery alleged to have been committed by the defendants on the person of the plaintiff, the plaintiff recovered a verdict for $3,500 actual damages and $1,000 punitive damages. From judgment thereon defendants appeal.

The point is made (exceptions 1 and 2) that in instructing the jury as to the form of the verdict the trial Judge erred in failing to instruct that a verdict could be found for or against either one of the defendants instead of for or against the defendants generally. The defendants did not interpose separate defenses, and there was nothing in the evidence to indicate conclusively that they relied upon the facts to justify one and not the other. If more specific instructions as to several liability and as to the form of the verdict were desired, it was the duty of the defendants to request them. *Latimer v. Anderson County,* 95 S. C., 187, 78 S. E., 879; *Tucker v. Clinton Cotton Mills,* 95 S. C., 302, 78 S. E., 890; *Bridgeman v. So. Bell Telephone & Tel. Co.,* 100 S. C., 204, 84 S. E.,

711; *Dreher v. Columbia Mills Co.,* 111 S. C.,  457, 98 S.
E., 194.   These exceptions are overruled.

Prejudicial error is assigned. (Exceptions 4 to 7,
inclusive) in the admission of certain testimony.

Over objection, on cross-examination, the defendant
Eugene Richardson was asked and required to answer this
question:

"Q. On November 5th, when Lieut. Rohde, now Con-
stable Rohde, for Magistrate Whaley, came to serve the
warrant on you, state whether or not you told him this:
'Don't serve that warrant on me now, officer, serve it to-
morrow, he won't need it then, we will kill the————' "

The defendant Eugene Richardson denied making this
statement.   In reply plaintiff was allowed to put in evi-
dence the testimony of the witness Rohde to the effect that
the defendant Eugene Richardson did make the declaration
above set out.   This declaration, if made at all, was made
the day following the alleged assault and battery at the time
that Rohde went to serve a warrant of arrest on defend-
ants.   Appellants contend that the admission of this testi-
mony was erroneous for the reason that it was not a part
of the *res gestæ* and was irrelevant, and that it was
prejudicial in that it tended to serve as an aggravation of
the alleged assault and battery and to inflame the minds of
the jury against the defendants.   The plaintiff and a brother
of the defendants had engaged in a fight about two hours
before the difficulty here involved.   As the plaintiff was
passing in an automobile, he was halted by one of the de-
fendants for the alleged purpose of talking in a friendly
way with the plaintiff about the altercation with defendants'
brother and in regard to certain damages to a gasoline
launch.   The conduct of defendants in thus demanding
the interview with plaintiff that led to the altercation here
in question was sought to be further explained or excused
by the alleged fact that the defendants' brother was a
cripple and had been severely beaten up in the fight with

plaintiff.    The evidentiary facts made a clear-cut issue as to the motive or animus of the defendants on the occasion of the commission of the alleged assault and battery. We think the testimony was clearly admissible.

"Where it is material to show the motive of an assailant, or the existence of malice or ill will on his part, in order to enhance the damages or for any other lawful purpose, both his prior and subsequent declarations, acts and conduct, as well as those which accompany the act, are legitimate evidence for that purpose."    5 C. J., 669, § 106.

"Where an emotion of hostility at a specific time is to be shown, the existence in the same person of the same emotion at another time is in general plainly admissible. * * *    Subsequent hostility is equally receivable; that it arose only subsequently is matter for explanation by the opponent."    Wigmore on Evidence (1st Ed.), § 396.

The limit of time in such case goes to the relevancy and is largely within the discretion of the trial Court.    See *State v. McKeller,* 85 S. C., 239, 67 S. E., 314; *State v. Marks,* 70 S. C., 448, 50 S. E., 14. The contention that the testimony was in no view properly received as to the defendant Walter Richardson is not adequately grounded in the record.    In addition to the fact that no objection to its admission on that ground was made, Judge McIver expressly ruled that its admission was for the purpose of throwing light on "the attitude of this man Richardson," the reference being plainly to the one defendant who had made the declaration.    Since the testimony was admissible upon the ground assigned by the Circuit Judge, any discussion of other principles of evidence to which the ruling might properly have been referred is deemed unnecessary.    The exceptions are overruled.

The defendants, who at the time of the trial and of the alleged assault were residents of Charleston, had formerly resided in the State of Virginia.    Defendants' counsel requested the presiding Judge to charge "that

the law does not permit the jury to discriminate against any one who comes from another state." In response to this request, verbally made, Judge McIver said:

"I feel that this jury has too much sense to be told that. A jury that feels that way would not be fit to serve as jurors. I feel that it is almost insulting the jury to tell them that."

It is contended (Exception 8) that defendants were prejudiced by that language in that it conveyed to the jury the impression that they had been insulted by defendants' counsel. If, as appellants argue, the fact that defendants were not natives of the good City of Charleston and not "to the manor born" had been openly commented upon and sought to be used to their detriment in the trial of the cause, the Judge's remarks would seem clearly to cast the odium for any such insult where it belonged—not upon defendants, but upon the counsel for plaintiff who had injected such improper consideration into the case. Certainly, the defendants got what they asked for—a very strong admonition of the jury against permitting the former residence of the defendants to influence their verdict—and in no view do we think that defendants are in position to assign prejudicial error.

In the course of his charge to the jury the Circuit Judge used in one connection the expression. "If, on the other hand, you conclude that the plaintiff is entitled to a verdict and that the act of the defendants was intentionally done," etc., and, in another, the expression, "In estimating damages you are at liberty to consider all of the circumstances under which the injuries were inflicted; if you find it was done with wanton reckless disregard," etc. It is charged that the Judge thereby assumed as a fact that the injuries had been inflicted and that defendants had committed the act complained of in violation of the constitutional prohibition against charging on the facts (Exceptions 10 and 12). We think the construction

for which appellants contend is patently hypercritical, and that the hypothetical sense in which the Judge referred to the injuries and to the act of defendants is sufficiently clear. But, if not, the charge as a whole leaves no room for doubt that all issuable facts were so clearly committed to the jury's sole determination that no jury of reasonable intelligence could have been misled.

Neither can the point directed to alleged coercion of the jury (Exceptions 9 and 13) be sustained.

After the jury had been out for a time, they returned to the Courtroom and announced that they were unable to agree. Judge McIver thereupon delivered a supplementary charge in the course of which he said:

"(1) If this jury makes a mistrial, we will have to call in some other jury and ask them to do the work the law assigns to you. You have been assigned as citizens to do this duty. It is a public duty you owe your country. Are you going to say we are not capable or competent to do it and you must call on some one else to do it? I don't think so. (2) Now it is a matter of regret, extreme regret to me, to have to keep a jury up in their room where I know they cannot be as comfortable as they ought to be. It hurts me to have to keep a jury locked up. Yet it is the only way known to the law whereby we can get a verdict."

It is argued, as to the first remark above noted, that the Judge's admonition as to the character of the duty imposed on the jury unduly emphasized the obligation to agree by condemning a mistrial as the failure to perform a public duty or service, and that, as to the second remark, in expressing regret for having to keep the jury locked up as the only way to "get a verdict," the Judge impliedly threatened to keep the jury in durance until a verdict was reached. There can be no doubt that in admonishing juries of their duty to decide the case in hand, the trial Judge should not use language that may fairly be construed as tending to encourage the surrender of con-

scientious convictions merely for the purpose of agreement. But we are clearly of the opinion that there is no such indication of undue pressure in the case at bar as would warrant this Court in setting the verdict aside on that ground. The record fails to disclose how long the jury had been out when they returned to the Courtroom and reported to the Judge their inability to agree. Evidently, they had not had the case in their hands for such a length of time as to convince the presiding Judge that their report was the result of "due and thorough deliberation." "While a * * * Judge may not coerce a jury, he is not precluded from indicating very plainly that he will not be coerced by the jury." *State v. Drakeford* (S. C.), 113 S. E., 307. After being sent back to their room, the jury returned in less than half an hour with the verdict which was rendered—a result just as consonant with the theory that the reported inability to agree had been due to failure to give the case due and thorough deliberation as that the verdict rendered was improperly reached on account of anything said by the Judge. A very similar charge of Judge McIver has recently been sustained by this Court in the case of *Coleman v. Stevens,* 116 S. E., ——, decided at this term. See *Harper v. Abercrombie,* 115 S. C., 360, 105 S. E., 749; *State v. Jones,* 86 S. C., 17, 67 S. E., 160; *Caldwell v. Duncan,* 87 S. C., 331, 69 S. E., 660 *Nickles v. Railway,* 74 S. C., 102, 54 S. E., 255.

The only point remaining for consideration is raised by Exception 11, which is as follows:

"The presiding Judge erred in charging the jury as follows: 'If you should reach that point in the case where you would consider whether or not the plaintiff is entitled to punitive damages, you may take into consideration, and properly so, whether one party committing the assault, if you find an assault was committed, was aggrieved or provoked in a legal way by something that had gone on, and if acting under that sudden impulse he then strikes and

even does what he should not do, why the law out of consideration for the frailty of our human nature, the desire of any man to redress his wrongs, the law says the jury might take that into consideration and that would be mitigation of damages.' The error being that such a charge restricted and limited only to the cause of action for punitive damages any acts of defendants in mitigation of the offense and deprived defendants of the right to have a jury pass on the whole case, both as to actual as well as punitive damages, to consider any mitigating circumstances proved."

The appellant's contention was forcefully argued, and the position is supported both by high authority and plausible reasoning. We regret that the time at our command does not permit of a more extended discussion than we are now able to give the interesting question presented. There is much of logical force in the proposition that if malice and wantonness in the defendant are to be punished by the imposition of additional damages, or smart money, then malice and provocation on the part of the plaintiff which contributed to his own injuries should be subject to like punishment by giving him less than the measure of compensation. *Robison v. Rupert,* 23 Pa., 523; *Jackson v. Old Colony St. R. Co.,* 206 Mass., 477, 92 N. E., 725, 30 L. R. A. (N. S.), 1046, 19 Ann. Cas., 615; *Kiff v. Youmans,* 86 N. Y., 324, 40 Am. Rep., 543. But the author of the article on Assault and Battery in 2 R. C. L., p. 587, § 68, thus states what, after careful consideration, we believe to be the sounder view:

"The Courts are not fully in accord as to the right of the defendant to introduce in evidence facts of provocation or malice for the purpose of mitigating the actual or compensatory damages. The better rule and the weight of authority, however, are in favor of the proposition that actual or compensatory damages are not in any case subject to mitigation by proof of mere provocation or malice. To hold otherwise would be to allow provocation to be used

as defense, and thus to permit by indirection that which could not be done directly."

Leading cases cited to support the rule thus stated are *Goldsmith's Adm'r v. Joy,* 61 Vt., 488, 17 Atl., 1010, 4 L. R. A., 500, 15 Am. St. Rep., 923; *Mahoning Valley R. Co. v. DePascale,* 70 Ohio St., 179, 71 N. E., 633, 65 L. R. A., 860, 1 Ann. Cas., 896; *Willey v. Carpenter,* 64 Vt., 212, 23 Atl., 630, 15 L. R. A., 853; *Marriott v. Williams,* 152 Cal., 705, 93 Pac., 875, 125 Am. St. Rep., 87. See, also, authorities collated, notes, 11 L. R. A. (N. S.), 671, 1 Ann. Cas., 899, and 19 Ann. Cas., 762. That view, as we apprehend, was substantially approved and adopted by this Court in *Hayes v. Sease,* 51 S. C., 534, 29 S. E., 259, in which case what appears to have been intended as the same objection here made was urged as a reason for impeaching the charge of Judge Ernest Gary, which had clearly limited provocation in mitigation of damages to vindictive or punitive damages. In approving Judge Gary's charge, which is substantially the same as Judge McIver's charge in the case at bar, this Court refers to and distinguishes the cases of *Rhodes v. Bunch,* 3 McCord, 66, and *Dean v. Horton,* 2 McMullan, 147, in which the Court used language, approving the admission of evidence of provocation, sufficiently broad to cover mitigation of damages generally. But the view that in a civil action for damages for assault and battery, provocation may not be considered in mitigation of compensatory damages, is herein approved and adopted, not by virtue of the principle of *stare decisis,* but because we think the rationale of that view is the more logical and the better grounded in sound public policy. If provocation, which does not amount in law to a justification of the assault and battery, may mitigate the damages actually inflicted, then it may reduce such damages to a mere nominal sum and thus in effect justify a legal wrong which the law says may not be so defended and justified. If such provocation may justify in part, why not in whole?

It is a fundamental principle of the law of torts "that the compensation awarded to one who is injured, either in person or property, by the wrongful and unlawful act of another, shall at least be equivalent to, and should in all cases be commensurate with, the loss or injury actually sustained." "If the law awards damages for an injury, it would seem absurd, even without resorting to the definition of damages, to say that they shall be for a part only of the injury." 3 Am. Jur., 287. Such would necessarily be the effect of a rule that would permit that species of provocation "which in law is neither a justification nor a defense, to mitigate and reduce the amount of recovery to a sum less than full compensation." *Mahoning Valley R. Co. v. De-Pascale, supra.* In the eithical view one who perpetrates a legal wrong ought to be responsible for the actual consequences. If one is provoked into taking the law into his own hands, to the extent of the actual damages inflicted thereby, he should be willing to abide the consequences and "to pay the piper." It would seem a sufficient concession to human infirmity in succumbing to the passion engendered by insulting words or other provoking conduct that such mitigating circumstances should be allowed to excuse and absolve a defendant from liability for exemplary or punitive damage. The good of society demands that men should not be encouraged to seek redress of their wrongs outside the pale of the law. A doctrine that would permit the penalty for the law's infraction to be wholly mitigated in a civil action by a showing of mere provocation would not only tend in some measure to encourage in such cases the manufacture of evidence of that character, but, by abrogating in effect one of the most firmly established rules of the law, would inevitably tend to countenance and encourage a resort by the individual to strong-arm methods for redressing his private wrongs, real or imaginary. The charge of the Circuit Judge was in accord with what we

conceive to be the correct view of the law, and the exception thereto directed is overruled.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN did not participate.