16956

THE STATE, Respondent, v. ELWOOD CROWLEY, Appellant

(85 S. E. (2d) 714)

*Mr. J. Trus Hayes, Jr., Esq.* and *Mrs. Mary Francis Hayes,* of Dillon, *for Appellant.*

*Robert S. Kilgo, Esq., Solicitor,* of Darlington, *for Respondent.*

February 3, 1955.

STUKES, Justice.

Appellant was convicted of perjury on account of his testimony at a prior trial of others upon an indictment for murder. He has appealed and presents two questions, the first of which follows: Did the court err in permitting the State to introduce into evidence and present to the jury all of the testimony given by the defendant in the former trial.

The State produced as a witness the official court stenographer who took the testimony at the former trial by shorthand, transcribed his notes, and his transcript was offered in evidence. Appellant's counsel expressly stated that there was no objection to its admission, whereupon it was admitted in evidence. On mode of proving former testimony, see annotation in 11 A. L. R. (2d) 30. Question was raised only when the solicitor afterward began to publish the testimony to the jury by the reading of the transcript to them. Then appellant's counsel said: "May it please the Court, we don't feel that the Solicitor has the right to read all of the testimony to the jury, only the particular testimony as pertains toward the items in the indictment."

After some interchange with counsel the court ruled and said to the solicitor: "All right, sir. If you wish to read it at this time, I will overrule the objection. The transcript is in evidence and I see no prejudice from reading it at all." There was no motion at any time to strike any part of the transcript from the evidence.

It is seen from the foregoing that all of appellant's testimony at the former trial was admitted in evidence without objection; and his counsel's subsequent objection to the publication of it in its entirety was upon no stated ground, whereby the objection was ineffectual,

even if it had been timely entered. It is elementary that an objection to the admission of evidence must be upon a specified ground. *Caldwell v. Duncan,* 87 S. C. 331, 69 S. E. 660; *McKain v. Camden Water, Light & Ice Co.,* 89 S. C. 378, 71 S. E. 949; *Piero v. Southern Express Co.,* 103 S. C. 467, 88 S. E. 269; *Mitchum v. Seaboard Air Line Ry. Co.,* 115 S. C. 500, 106 S. E. 769. There are thus two compelling reasons why the first question must be overruled, and it is.

Appellant's second and last question on appeal assigns error in the refusal of the court to direct a verdict of acquittal upon counts 2, 3, 4, 5, 7, 8 and 12 of the indictment. There were seventeen separate counts or assignments of perjury in the indictment. Upon appellant's motion the court directed a verdict of acquittal as to counts 11, 14, 15 and 16; and the State withdrew counts 9 and 17. The remaining counts or assignments were submitted to the jury which returned a verdict of guilty as to those which are referred to in the question.

The evidence of the State was segregated as to counts or assignments and all of the lengthy record is before us. It has been carefully considered in the light of the exceptions and it suffices to say that the evidence was ample to convict on each of the counts or assignments upon which the jury found appellant guilty.

Prior to the murder trial at which the perjured testimony was given, appellant was taken into custody by the officers for the purpose of investigation of the murder and made a written, sworn statement of facts which were considered material to the prosecution. Appended to the statement was appellant's signed receipt of a copy of it. Despite several pre-trial conferences with counsel for the prosecution appellant did not question the facts recited in his former sworn statement until he was placed on the witness stand in the murder trial when he repudiated the statement and claimed that it was obtained from him by

duress, the particulars of which duress he purported to give in his testimony which was perjured, according to the great weight of the evidence. The perjuries were established by the testimony of the investigating officers and others, by appellant's sworn statement (and signed receipt of copy of it) and by corroborating circumstances. As said above, the proof of appellant's guilt fully met the requisite quantum in such cases, as to which the jury were clearly instructed by the court, in part as follows:

"In a perjury trial, the falsity of the statement laid in the indictment cannot be proved by the testimony of only one witness unless that testimony is corroborated by other evidence in the case. It is essential that the falsity of the oath, the falsity of the statement laid in the indictment, be either proved by the testimony of more than one witness or by the testimony of one witness and corroborating circumstances. * * *"

See 70 C. J. S., Perjury, § 68 p. 535.

Affirmed.

TAYLOR, OXNER and LEGGE, JJ., concur.

BAKER, C. J., concurs in result.