24299

The STATE, Respondent v. Richard Anthony TUCKER, Appellant.

(462 S.E. (2d) 263)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Deputy Atty. Gen. Salley Elliott,* Columbia; and *Solicitor Holman C. Gossett,* Spartanburg, *for respondent.*

Heard May 2, 1995.

Decided Aug. 21, 1995; Reh. Den. Sept. 18, 1995.

MOORE, Justice:

Appellant was convicted of murder, first-degree burglary, first-degree criminal sexual conduct, kidnapping, and larceny and sentenced to death. We affirm.

## FACTS

The victim, seventy-nine-year-old Carrie Alley, was sexually assaulted, beaten, and strangled in her home. During the sentencing phase, appellant admitted he broke into Mrs. Alley's house and killed her. Appellant raises only sentencing issues on appeal.

## ISSUES

1) Did the trial judge err in refusing to instruct the jury that appellant would not be eligible for parole for thirty years if sentenced to life?
2) Did the trial judge err in giving an *Allen*[1] charge?
3) Did the trial judge err in allowing victim impact evidence?
4) Did the trial judge err in allowing the State to admit into evidence a woman's girdle which the appellant was wearing at the time of his arrest?

---

[1] *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

## DISCUSSION

### 1) Parole eligibility instruction

Appellant contends the trial judge erred in denying his request to charge the jury if he were sentenced to life and an aggravating circumstance was found, he would not be eligible for parole for thirty years. Appellant argues he was entitled to this instruction under *Simmons v. South Carolina,* 512 U.S. —, 114 S.Ct. 2187, 129 L.Ed. (2d) 133 (1994). We disagree.

We recently held in *State v. Southerland,* 316 S.C. 377, 447 S.E. (2d) 862 (1994), a *Simmons* charge on parole ineligibility is necessary only if future dangerousness is an issue and state law prevents parole. *Simmons* is inapplicable here because state law does not prevent appellant's parole. *State v. Young,* 319 S.C. 33, 459 S.E. (2d) 84 (1995).

### 2) *Allen* charge

Appellant contends the trial judge erred in giving the jury an *Allen* charge. After deliberating for four and one-half hours, the foreman wrote the trial judge: "We are deadlocked at 10-2 for the death penalty. We are not making any progress. We would like to hear Richard Tucker's testimony and then continue our deliberations until 10:00 p.m.—unless we reach a verdict before then." The tape of appellant's testimony was replayed and the jury continued their deliberations. The following morning after the jury had deliberated for almost two hours, the foreman sent the trial judge another note which stated: "We are hopelessly deadlocked at 11-1 for the death penalty. I do not feel we will ever get a unanimous decision."

The trial judge then gave the jury an *Allen* charge. Appellant objected generally on the ground an *Allen* charge is coercive in nature and requested an instruction as to the consequences of not being able to reach a unanimous decision for the death penalty (i.e. the defendant would be sentenced to life).

On appeal, appellant argues the trial judge should have told the jury not to reveal their vote pursuant to *State v. Middleton,* 218 S.C. 452, 63 S.E. (2d) 163 (1951) (it is improper for trial judge to make the jury publicly reveal their standing). Further, on appeal appellant contends the trial judge, knowing only one juror prevented the jury from a unanimous deci-

sion, erred in giving an *Allen* charge. These arguments are procedurally barred. *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (a party cannot argue one ground below and then argue another ground on appeal); *State v. Crowley*, 226 S.C. 472, 85 S.E. (2d) 714 (1955) (objection must be on specific ground).

3) Victim impact evidence

On appeal, appellant contends the trial judge erred in allowing excessive victim impact evidence. Appellant points to the first eight witnesses who testified at the guilt phase as to the victim's habits and behavior the night of the murder. During the guilt phase, appellant objected on the ground of relevancy "to the solicitor continuing to call witnesses who apparently are not fact witnesses in this part of the trial."

Prior to the sentencing phase, appellant objected generally to the introduction of any victim impact evidence. On appeal, appellant contends the victim impact evidence introduced in this case was excessive and unrestricted. Appellant did not object on this specific ground below and therefore this argument is procedurally barred. *Crowley, supra; Bailey, supra.*

4) Girdle

Appellant contends the trial judge erred in allowing the State to admit into evidence the woman's girdle which appellant was wearing when he was arrested. During the guilt phase, the solicitor introduced the girdle along with all of the items appellant possessed when he was arrested. Appellant objected to the admission of the girdle on the ground its prejudicial effect outweighed its probative value. A serologist testified a spot of blood had been found on the girdle but she was unable to identify its source. The solicitor argued there was blood at the crime scene and the girdle was evidence of appellant's presence at the scene. The trial court overruled appellant's objection.

The admission of evidence is within the trial court's discretion and absent an abuse of this discretion will not be reversed by this Court. *State v. Bailey*, 276 S.C. 32, 274 S.E. (2d) 913 (1981). Evidence is relevant if it tends to establish or make more or less probable some matter at issue upon which it directly or indirectly bears. *State v. Schmidt,*

288 S.C. 301, 342 S.E. (2d) 401 (1986). As the girdle had blood on it and appellant was wearing it shortly after the crime was committed, it was relevant to the issue whether appellant may have been present at the crime scene. Therefore, we hold the trial court did not abuse his discretion in admitting the girdle during the guilt phase.

On appeal, appellant argues the trial judge improperly allowed the jury to consider the girdle during the sentencing phase by granting the solicitor's motion to incorporate all of the evidence from the guilt phase into the sentencing phase.[2] The bifurcated proceedings of a capital case were designed to protect a defendant by preventing the State from admitting certain evidence relevant to punishment until the guilt has been decided. *State v. Shaw*, 273 S.C. 194, 255 S.E. (2d) 799 (1979). "The bifurcated structure of a capital proceeding should not be used to prevent guilt phase evidence from being considered in the penalty phase." *Id.* at 208, 255 S.E. (2d) 799.[3] Since we hold the trial court did not err in admitting the girdle in the guilt phase, we find no error in its admission in the sentencing phase. Furthermore, the girdle was not the subject of any questioning or argument during the sentencing phase and, therefore, its impact, if any, was minimal.

## PROPORTIONALITY REVIEW

We have conducted the proportionality review pursuant to S.C. Code Ann. § 16-3-25 (1985). The sentence was not the result of passion, prejudice, or other arbitrary factor and the evidence supports the jury's finding of the aggravating circumstances. The sentence is not excessive or disproportionate to the penalty imposed in similar cases. *State v. Chaffee*, 285 S.C. 21, 328 S.E. (2d) 464 (1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1878, 85 L.Ed. (2d) 170 (1985). Accordingly, appellant's sentence is

Affirmed.

---

[2] Appellant joined in this motion.

[3] S.C. Code Ann. § 16-3-20(B) (Supp. 1994) provides in part: "In the sentencing proceeding, the jury or judge shall hear *additional* evidence in extenuation, mitigation, or aggravation of the punishment. . . ." (Emphasis added.)

TOAL, WALLER and BURNETT, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, Chief Justice:

I respectfully dissent.

In my opinion, the giving of an *Allen* charge in the sentencing phase of a capital trial is reversible error. The sentencing phase differs from every other type of jury proceeding in that a unanimous verdict is not required in order to end the litigation. Instead, the death penalty statute provides that where the jury is unable to reach a unanimous recommendation, "the trial judge shall dismiss such jury and shall sentence the defendant to life imprisonment. . . ." Accordingly, I would reverse and remand for resentencing.

I am also concerned with the majority's disposition of the claim that the trial judge should have instructed the jury not to reveal its vote and that the judge erred in giving an *Allen* charge knowing only one juror opposed the death sentence. While I agree that these issues were not raised below, it is apparent from this record that the trial judge never revealed the trial counsel that the notes reflected the jury's division.