THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Clifton
 J. Guinn,        Appellant.
 
 
 

Appeal From York County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.
2005-UP-522
Submitted August 1, 2005  Filed September 15, 2005

AFFIRMED

 
 
 
 William T. Toal, of Columbia,
 for Appellant.
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General David A. Spencer, all of Columbia; and Solicitor Thomas E. Pope,
 of York, for Respondent.
 
 
 

PER CURIAM:  Clifton J.
Guinn appeals his conviction for distribution of crack cocaine and distribution
of crack cocaine within one-half mile of a public park, arguing the trial court
erred in admitting evidence of an out-of-court identification and charging the
incorrect law on reasonable doubt.  We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the
following authorities: ISSUE 1: State v. Tucker, 319 S.C. 425, 428, 462
S.E.2d 263, 265 (1995) (holding the admission of identification evidence is in
the discretion of the trial judge and will not be reversed absent an abuse of
discretion or prejudicial legal error); Neil v. Biggers, 409 U.S. 188,
198 (1972) (using a two part analysis to determine the admissibility of
out-of-court identifications: (1) whether the identification process was unduly
suggestive; and (2) whether the identification was nevertheless so reliable that
no substantial likelihood of misidentification existed); State v. Moore,
343 S.C. 282, 286, 289, 540 S.E.2d 445, 447, 448-49 (2000) (stating only if the
procedure was suggestive should the court consider the second prong, and an
identification resulting from a suggestive procedure may still be sufficiently
reliable for admission into evidence depending on the totality of the
circumstances, considering the opportunity of the witness to view the criminal
at the scene, the witnesss degree of attention, the accuracy of the witnesss
prior description of the criminal, the level of certainty demonstrated by the
witness at the confrontation, and the length of time between the crime and the
confrontation).  ISSUE 2: State v. Needs, 333 S.C. 134, 154, 508
S.E.2d 857, 867 (1999) (upholding a conviction where the jury charge contained
in search of the truth language, as long as the phrase was not combined
with other offending terms).
AFFIRMED.
HEARN, C.J. and STILWELL and
KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.