526 S.E.2d 228

**The STATE, Respondent,**

v.

**James BENTON, Appellant.**

**No. 25040.**

Supreme Court of South Carolina.

Heard Nov. 16, 1999.

Decided Jan. 10, 2000.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, of Columbia; and Solicitor David P. Schwacke, of Charleston, for respondent.

BURNETT, Justice:

Appellant appeals his first degree burglary conviction. We affirm.

## FACTS

The victim arrived home one evening and discovered her apartment had been ransacked. A leather coat, jewelry, money, and a cellular telephone were missing. The perpetrator had cut the screen window on the back porch, opened the kitchen window, and entered the apartment through the window above the kitchen sink. Appellant's palm print was found on the kitchen counter. The print faced the interior of the kitchen, indicating it was made while entering through the window.

## ISSUES

I. As interpreted in *State v. Hamilton*,[1] is S.C.Code Ann. § 16–11–311(A)(2) (Supp.1998) unconstitutional?

II. Did the trial judge err by denying appellant's request to give a circumstantial evidence charge?

## DISCUSSION

### I.

■ Recognizing a conviction for first degree burglary necessitated the State prove he had two prior convictions for

---

1. 327 S.C. 440, 486 S.E.2d 512 (Ct.App.1997), *cert. denied* 98–OR–240 (April 24, 1998); *cert. denied*, 525 U.S. 904, 119 S.Ct. 239, 142 L.Ed.2d 196 (1998).

burglary and/or housebreaking,[2] appellant offered to stipulate he had two prior burglary convictions in lieu of the State introducing evidence of the convictions before the jury. Appellant asserted the trial judge could consider the prior convictions at sentencing. The State refused to accept the stipulation. Relying on *State v. Hamilton, id.,* the trial judge declined to require the prosecution to accept appellant's stipulation.

Appellant argues "§ 16–11–311(A)(2), as interpreted in *State v. Hamilton,* is unconstitutional because evidence required to prove the status element of prior convictions dilutes the State's burden of proof with respect to the remaining elements of the offense." He claims admission of the prior crimes is highly prejudicial and deprives a defendant of due process of law.[3] We disagree.

South Carolina Code Ann. § 16–11–311(A) provides:

A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . .

(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; . . . .

To deter repeat offenders, the General Assembly chose to include two or more prior burglary and/or housebreaking convictions as an element of first degree burglary. The United States Supreme Court has held this is a valid state purpose which does not violate due process. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). We agree. Section 16–11–311(A)(2) does not violate due process as it is reasonably designed to accomplish its purpose. *State v. Hornsby,* 326 S.C. 121, 484 S.E.2d 869 (1997)(to meet the requirements of due process, a challenged act must be reasonably designed to accomplish its purposes, unless some fundamental right or suspect class is involved). Facially, § 16–11–311(A)(2) does not violate due process.

---

2. S.C.Code Ann. § 16–11–311(A)(2)(Supp.1998).

3. U.S. CONST. amend. XIV.

In *State v. Hamilton, supra,* the Court of Appeals held because two prior burglary and/or housebreaking convictions are an element of first degree burglary under § 16–11–311(A)(2), the defendant cannot require the State to stipulate to the prior convictions in lieu of informing the jury about the prior convictions. This holding does not dilute the State's burden of proof in violation of due process. The State is still required to prove all the elements of first degree burglary beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970)("[t]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Furthermore, due process does not bar the admission of prior crimes simply because there is an accompanying prejudicial effect. *Spencer v. Texas, supra* at 564, 87 S.Ct. at 654, 17 L.Ed.2d at 614 ("[i]n the face of the legitimate state purpose and the long-standing and widespread use that attend the procedure under attack here, we find it impossible to say that because of the possibility of some collateral prejudice the [state] procedure is rendered unconstitutional under the Due Process Clause as it has been interpreted and applied in our past cases."); *see State v. Hornsby, supra* (a denial of due process occurs when a defendant in a criminal trial is denied the fundamental fairness essential to the concept of justice). Accordingly, as applied in *State v. Hamilton, supra,* § 16–11–311(A)(2) is constitutional.

 Moreover, we note evidence of other crimes is admissible to establish a material fact or element of the crime charged. *State v. Johnson,* 293 S.C. 321, 360 S.E.2d 317 (1987). Even in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), upon which appellant relies, evidence of the defendant's prior felony conviction, an element of the weapons charge for which he was on trial, was admissible. Because the name and nature of the prior conviction were irrelevant (they were not elements of the current charge), their probative value was outweighed by their prejudicial effect.[4] For purposes of an element of first degree

---

4. We recognize due process concerns were not addressed in *Old Chief v. United States, id.*

burglary under § 16–11–311(A)(2), we conclude the probative value of admitting the defendant's prior burglary and/or housebreaking convictions is not outweighed by its prejudicial effect. Rule 403, SCRE.

 Further, while generally inadmissible, propensity evidence is not prohibited. Propensity evidence is admissible if offered for some purpose other than to show the accused is a bad person or he acted in conformity with his prior convictions. Rule 404, SCRE (evidence of other crimes is not admissible to prove character to show action in conformity but to show motive, absence of mistake or accident, intent, identity, the existence of common scheme or plan). Here, appellant's two prior burglary convictions were offered to prove a statutory element of the current first degree burglary charge, not to suggest appellant was a bad person or committed the present burglary because he had committed prior burglaries.

 To ensure a defendant is not convicted on an improper basis while allowing the State to prove the elements of first degree burglary, the trial court should limit evidence to the prior burglary and/or housebreaking convictions, as it did here. Particular information regarding the prior crimes should not be admitted. Additionally, the trial court, as it did here, should, on request, instruct the jury on the limited purpose for which the prior crime evidence can be considered. Rule 105, SCRE (when evidence is admissible for one purpose but not for another, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly).

## II.

 Appellant contends the trial judge erred by failing to give a circumstantial evidence charge. He claims the charge was required as the palm print was circumstantial evidence of the perpetrator's identity.

At trial, appellant agreed the palm print was direct evidence, but argued the element of "intent to commit a crime therein" was only established by circumstantial evidence. The trial judge declined to charge circumstantial evidence.

Appellant's present issue is not preserved for appellate consideration as he previously conceded the palm print was

direct evidence. *TNS Mills, Inc. v. South Carolina Dep't of Revenue*, 331 S.C. 611, 503 S.E.2d 471 (1998)(an issue conceded in the trial court cannot be argued on appeal). Moreover, appellant argued one ground in support of a circumstantial evidence charge at trial (State only presented circumstantial evidence of intent) and argues another ground in support of the charge on appeal (palm print is circumstantial evidence). *State v. Tucker*, 319 S.C. 425, 462 S.E.2d 263 (1995)(a party cannot argue one ground below and then argue another ground on appeal).

We **AFFIRM** appellant's conviction and sentence.

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.