THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Nathan Benjamin
 Patrick, Appellant.
 
 
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2010-UP-303
Heard April 13, 2010  Filed June 9, 2010    

AFFIRMED 

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe; Solicitor
 Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Nathan Benjamin Patrick
 appeals his convictions and sentences for second-degree burglary and grand
 larceny in connection with the theft of equipment from a business.  We affirm pursuant to Rule
 220(b)(1), SCACR, and the following authorities:  Rule 803(8), SCRE (providing
 that "[r]ecords, reports, statements, or data
 compilations, in any form, of public offices or agencies, setting forth (A) the
 activities of the office or agency, or (B) matters observed pursuant to duty
 imposed by law as to which matters there was a duty to report" are not
 excluded by the hearsay rule); Rule 902(4), SCRE (holding certified copies of
 such public records are deemed to be self-authenticating); State v. Benton,
 338 S.C. 151, 155, 526 S.E.2d 228, 230 (2000) (holding evidence of other crimes
 is admissible to establish a material fact or element of the crime charged); State
 v. Avery, 333 S.C. 284, 296, 509 S.E.2d 476, 483 (1998) (holding defendant
 failed to preserve for appellate review his claim that trial judge erred by
 instructing jury it could not return a verdict of armed robbery and involuntary
 manslaughter because defendant originally suggested jury could return
 inconsistent verdicts on armed robbery and involuntary manslaughter, he did not
 object to trial judge's initial or supplemental instructions regarding those
 offenses). 
AFFIRMED.
SHORT, WILLIAMS, and LOCKEMY,
 JJ., concur.