THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Carl Craine, Appellant.
 
 
 
 
 

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No.  2010-UP-499  
 Heard September 14, 2010  Filed November
10, 2010

AFFIRMED

 
 
 
 Deputy Chief Attorney Wanda H. Carter, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.

 
 

PER CURIAM: Carl
 Craine appeals his first-degree burglary conviction and twenty-five year
 sentence.  Craine's indictment for first-degree burglary was based on an
 allegation that he entered or remained in the dwelling during the nighttime.  However,
 before the jury was sworn, the State requested to amend Craine's first-degree
 burglary indictment to include two or more prior burglary convictions as an
 additional aggravating circumstance.  Craine opposed the State's motion to
 amend the indictment, arguing the proposed amendment prejudiced him because the
 prior convictions were for burglary second and occurred ten years prior to the
 current charge.  On appeal, Craine argues the trial court erred in allowing the
 State to amend its first-burglary indictment because it changed the nature of
 the offense by alleging two or more prior burglaries as an aggravating
 circumstance when the original indictment listed the nighttime element as the
 aggravating circumstance.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities:  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d
 691, 693-94 (2003) (holding an issue must have been raised to and ruled upon by
 the trial judge to be preserved for appellate review, and issues not raised and
 ruled upon in the trial court will not be considered on appeal); State v.
 Benton, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (finding an issue is not
 preserved if the defendant argues one ground for objection at trial and a
 different ground on appeal).
AFFIRMED.
SHORT, THOMAS,
 and LOCKEMY, JJ., concur.