THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Lindy Jones, Appellant.
 
 
 

Appeal From Orangeburg County
 James C. Williams, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-396
Submitted August 1, 2011  Filed August 19,
 2011   

AFFIRMED

 
 
 
Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor David M.
 Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Lindy Jones appeals his conviction for
 assault with intent to commit criminal sexual conduct with a minor.  Jones
 argues the trial court erroneously instructed the jury assault with intent to
 commit criminal sexual conduct is a lesser included offense of criminal sexual
 conduct with a minor in the second degree.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Rule 20(b), SCRCrimP ("[T]he parties shall be given the opportunity to
 object to the giving [of] . . . an instruction . . . .  Any objection shall
 state distinctly the matter objected to and the grounds for objection.  Failure
 to object in accordance with this rule shall constitute a waiver of objection."); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003)
 (finding an issue is preserved for appellate review when it was raised to and
 ruled upon by the trial court, and the argument presented was on the same
 ground); and State v. Benton, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231
 (2000) (holding an issue regarding a jury charge is not preserved on appeal
 when appellant argued one ground at trial and argues another ground on appeal).  
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.