THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
William Ricky Welch, Appellant.
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-503
Submitted November 1, 2011  Filed
 November 10, 2011 

AFFIRMED

 
 
 
Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
Attorney General Alan M. Wilson, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General William M. Blitch, all of Columbia; and Solicitor Ernest A.
 Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  William Ricky Welch appeals his conviction for
 first-degree criminal sexual conduct (CSC) with a minor and lewd act upon a
 minor.  He argues the circuit court erred in allowing the State to proceed
 under section 16-3-655(A)(2) of the South Carolina Code (Supp. 2010) because
 doing so violated the South Carolina Rules of Evidence and his right to a fair
 trial guaranteed by the Due Process Clause.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v.
 Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) (holding that the
 abuse of discretion standard of review limits reversal unless "the
 conclusions of the [circuit] court either lack evidentiary support or are
 controlled by an error of law"); Spencer v.
 Texas, 385 U.S. 554, 568-69 (1967)
 (holding that state statutes requiring juries to make findings of prior convictions
 in single trials do not violate due process); State v. Benton, 338 S.C.
 151, 154-55, 526 S.E.2d 228, 230 (2000) (recognizing Spencer and noting
 that "evidence of other crimes is admissible to establish a material fact
 or element of the crime"); S.C. Code Ann. § 16-3-655(A)(2) (Supp. 2010)
 (providing that a prior conviction of first-degree CSC with a minor is an
 element of first-degree CSC with a minor).
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.