**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robin Reese, Appellant.

Appellate Case No. 2012-209826

———————————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-300
Heard May 13, 2014 – Filed July 30, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Robin Reese appeals her convictions for murder and first-degree lynching, arguing the trial court erred by (1) not excluding graphic autopsy photographs under Rule 403, SCRE, and (2) refusing to charge involuntary manslaughter. We affirm.

Reese contends the trial court erred in admitting eleven autopsy photos. She argues the court should have excluded them under Rule 403, SCRE, because their probative value was substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). We find the trial court acted within its discretion in admitting the photos. *See State v. Gray*, Op. No. 5240 (S.C. Ct. App. filed June 11, 2014) (Shearouse Adv. Sh. No. 23 at 62, 76) (holding in the appeal of Reese's co-defendant, the trial court did not err in admitting the autopsy photos).

As for the trial court's refusal to charge involuntary manslaughter, we find Reese's argument on this issue unpreserved. The trial court denied Reese's request for an involuntary manslaughter charge after she argued "she [did] nothing that could have led to the intentional death of the victim in this case." On appeal, however, Reese asserts a much different argument—there is evidence from which the jury could conclude that Reese, based on her co-defendant's actions "under the hand of one is the hand of all theory," was engaged in an unlawful assault and battery not naturally tending to cause death or great bodily harm. Because this argument was not presented to nor ruled upon by the trial court, we do not address it. *See State v. McKnight*, 352 S.C. 635, 646, 576 S.E.2d 168, 174 (2003) (finding argument unpreserved when it "was not raised" to or "ruled on by the trial court"); *State v. Benton*, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (declining to address appellant's argument regarding a requested jury charge when appellant argued a different ground in support of the jury charge at trial).

Reese's convictions are **AFFIRMED.**

**FEW, C.J., SHORT and GEATHERS, JJ., concur.**