**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bobbie Albert McCann, Appellant.

Appellate Case No. 2012-212555

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2014-UP-355
Heard September 11, 2014 – Filed October 8, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia, for Respondent.

**PER CURIAM:** Bobbie Albert McCann appeals his convictions for two counts of
criminal sexual conduct with a minor in the first degree and one count of
committing a lewd act upon a child under the age of sixteen years. On appeal, he
argues the circuit court erred in overruling his objection to expert testimony under

Rules 702 and 703 of the South Carolina Rules of Evidence, as the expert admitted she had limited knowledge of the case and the unduly prejudicial nature of her testimony outweighed any alleged probative value. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); Rule 703, SCRE ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. White*, 361 S.C. 407, 414, 605 S.E.2d 540, 544 (2004) ("Expert testimony on rape trauma may be more crucial in situations where children are victims."); *id.* at 414-15, 605 S.E.2d at 544 ("The inexperience and impressionability of children often render them unable to effectively articulate the events giving rise to criminal sexual behavior."); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect." (alteration in original) (quoting *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993)) (internal quotation marks omitted)); *id.* at 475, 523 S.E.2d at 794 ("There is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavioral evidence testimony."); *id.* at 475, 523 S.E.2d at 794-95 (finding an expert's behavioral evidence testimony relevant and properly admitted in a child sexual abuse case despite the expert's limited knowledge of the case and failure to interview or examine the victim).[1]

---

[1] As to McCann's contention that the expert's testimony was "junk science": *State v. Benton*, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (noting that an issue conceded in the trial court cannot be argued on appeal); *State v. Patterson*, 324 S.C. 5, 19, 482 S.E.2d 760, 767 (1997) ("Appellant is limited to the grounds raised at trial.").

As to McCann's argument concerning the expert's statements that "about seventy percent [of adult survivors of childhood sexual abuse] have never told anyone" and

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

"ninety percent of cases of child sexual abuse, the person who is committing the acts is somebody who's known and loved and trusted by the child": *State v. Johnson*, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court. The objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error. If a party fails to properly object, the party is procedurally barred from raising the issue on appeal." (internal citations omitted)).