**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State of South Carolina, Respondent,

v.

Jon Wynn Jarrard, Appellant.

Appellate Case No. 2012-212269

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-470
Heard November 4, 2014 – Filed December 17, 2014

**AFFIRMED**

Craig Robert Stanley and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway for Respondent.

**PER CURIAM:** Jon Wynn Jarrard appeals his conviction for criminal sexual conduct with a minor under section 16-3-655(A)(2) of the South Carolina Code

(Supp. 2013). He argues the circuit court erred in permitting the State to reindict him under a different subsection of the statute and to introduce evidence of his prior conviction for a sexual offense in violation of his due process rights. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Geer*, 391 S.C. 179, 195, 705 S.E.2d 441, 449 (Ct. App. 2010) ("In our criminal justice system, the Government retains broad discretion as to whom to prosecute. [S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (alteration by court) (citation and internal quotation marks omitted)); *Strickland v. State*, 276 S.C. 17, 20, 274 S.E.2d 430, 432 (1981) ("We [have] indicated the fact that a prosecuting attorney may select which of several offenses with which an accused may be charged is not constitutionally obnoxious." (internal quotation marks omitted)); *United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct."); *State v. Benton*, 338 S.C. 151, 154-56, 526 S.E.2d 228, 230 (2000) (indicating the deterrence of repeat offenders is a legitimate state purpose and the introduction of a prior conviction is not unduly prejudicial in establishing this element of the crime of first-degree burglary); *id.* at 155-56, 526 S.E.2d at 230 (noting propensity evidence is not strictly prohibited and may be admissible to establish an element of the crime other than general character in certain circumstances); *State v. Hamilton*, 327 S.C. 440, 445-46, 486 S.E.2d 512, 514-15 (1997) (holding because two prior burglary and/or housebreaking convictions are an element of first-degree burglary under the South Carolina Code, the defendant cannot require the State to stipulate to the prior convictions in lieu of informing the jury about the prior convictions).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**