**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gary Eugene Lott, Appellant.

Appellate Case No. 2013-000494

———————

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-266
Submitted February 1, 2015 – Filed May 27, 2015

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** Gary Eugene Lott appeals his conviction of committing a lewd act on a minor. He argues the trial court erred in refusing to require the State to

stipulate Lott had "a prior conviction of a crime under section 23-3-430" of the South Carolina Code (2007 & Supp. 2014) when proving the charge of first-degree criminal sexual conduct with a minor. He further argues the trial court erred in refusing to grant a mistrial after the State asked an investigator whether he gave Lott "a chance to give his side of the story" because the question constituted an impermissible comment on Lott's right to remain silent. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1. The trial court did not err in refusing to require the State to stipulate Lott had "a prior conviction of a crime under section 23-3-430." *See* S.C. Code Ann. § 16-3-655(A)(2) (Supp. 2014) (providing a prior conviction of committing a lewd act on a minor is an element of first-degree criminal sexual conduct with a minor); *State v. Benton*, 338 S.C. 151, 154-155, 526 S.E.2d 228, 230 (2000) (holding "evidence of other crimes is admissible to establish a material fact or element of the crime").

2. Because the trial court sustained Lott's objection to the State's question concerning whether Lott gave "his side of the story," the trial court committed no error. Once the trial court sustained the objection, the issue became whether the trial court should grant a mistrial because of the solicitor's improper question.[1] We find the trial court acted within its discretion in denying Lott's motion for a mistrial. *See State v. Council*, 335 S.C. 1, 12-13, 515 S.E.2d 508, 514 (1999) ("The decision to grant or deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. A mistrial should not be granted unless absolutely necessary. Instead, the trial [court] should exhaust other methods to cure possible prejudice before aborting a trial. In order to receive a mistrial, the defendant must show error and resulting prejudice." (internal citations omitted)).

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] Although Lott analyzes the issue using the harmless error analysis set forth in *State v. McIntosh*, 358 S.C. 432, 447, 595 S.E.2d 484, 492 (2004), the proper standard for reviewing the trial court's denial of Lott's motion for a mistrial is whether the trial court abused its discretion.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.