**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Scott Cross, Appellant.

Appellate Case No. 2013-002596

---

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-257
Submitted February 1, 2016 – Filed June 8, 2016

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:**  James Scott Cross appeals his convictions for first-degree criminal sexual conduct (CSC) with a minor and committing a lewd act on a minor, arguing the trial court erred in (1) refusing to bifurcate his trial to allow the jury to

determine guilt and then determine if he had the requisite prior conviction to establish first-degree CSC with a minor and (2) admitting evidence of his prior conviction for CSC with a minor when its probative value was substantially outweighed by the danger of unfair prejudice.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.

1.  As to whether the trial court erred in refusing to bifurcate the proceedings: *Spencer v. Texas*, 385 U.S. 554, 568-69 (1967) (holding the Fourteenth Amendment does not require states to hold bifurcated trials when the State admits evidence of prior crimes under a recidivist statute).

2.  As to whether the trial court erred in admitting evidence of his prior conviction: *See* S.C. Code Ann. § 16-3-655(A)(2) (2015) (providing a prior conviction for first-degree CSC with a minor is an element of first-degree CSC with a minor); *State v. Benton*, 338 S.C. 151, 155, 526 S.E.2d 228, 230 (2000) (holding "evidence of other crimes is admissible to establish a material fact or element of the crime"); *id.* at 155-56, 526 S.E.2d at 230 (finding "the probative value of admitting the defendant's prior burglary and/or housebreaking convictions [was] not outweighed by its prejudicial effect" when the prior convictions were an element of the current charge); *State v. Williams*, 409 S.C. 455, 464, 761 S.E.2d 770, 775 (Ct. App. 2014) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect should be reversed only in 'exceptional circumstances.'" (alteration by *Williams*) (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 207 (Ct. App. 2008))).

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.