**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie Singleton, Appellant,

v.

City of Georgetown, Janet Grant, Individually and as an employee of the City, Ricky Martin, individually and as an employee of the City, Robert O'Donnell, Individually and as Magistrate for the City of Georgetown, Respondents.

Appellate Case No. 2017-001364

———————

Appeal From Georgetown County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-300
Submitted June 1, 2019 – Filed August 21, 2019

———————

**AFFIRMED**

———————

Willie Singleton, of Georgetown, pro se.

Douglas Charles Baxter, of Richardson Plowden & Robinson, PA, of Myrtle Beach; Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, of Columbia; and Chelsea Lane Monroe, of Motley Rice, LLC, of Mount Pleasant, all for Respondents.

———————

**PER CURIAM:**  Willie Singleton appeals the circuit court's order granting summary judgment to the City of Georgetown (the City), Janet Grant, Ricky Martin, and Robert O'Donnell (collectively, Respondents), arguing nine issues on appeal.[1]  We affirm pursuant to Rule 220(b), SCACR.[2]

1.  Singleton did not appeal the circuit court's holding that Singleton's gross negligence claim pertaining to Respondents' failure to provide notice of his jury trial was barred by res judicata.  Accordingly, we affirm based on the two-issue rule.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-]issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); *id.* at 329, 730 S.E.2d at 285 ("[A]n unappealed ruling, right or wrong, is the law of the case.").

---

[1] Singleton argued the circuit court erred in granting summary judgment (1) based on the fact that Singleton conceded no taking or condemnation occurred; (2) when Singleton's second cause of action charged Respondents with abuse of power and depriving him of the condemnation process; (3) in favor of Respondents on Singleton's sixth cause of action when the district court remanded the sixth cause of action back to the state court; (4) when the district court remanded all state law claims; (5) when the district court remanded the eighth cause of action; (6) by finding that even if Singleton pled a gross negligence cause of action, such alleged actions were encompassed in section 15-78-60 of the South Carolina Code (2005), Respondents were immune from liability, and Grant, Martin and O'Donnell could not be sued individually pursuant to section 15-78-70(a) of the South Carolina Code (2005); (7) as to Respondents setting forth an argument based on the perception of the case; (8) in ruling Grant was not negligent in writing and issuing a ticket that went outside the scope of her official duty in requesting Singleton remove the house from the lot; and (9) in ruling Grant was immune from prosecution and the ticket Grant wrote was not "the law of the land" of the City "based on the bogus fine and the request to demolish the structure and therefore [did] not constitute gross negligen[ce] and should not have been taken [literally] by . . . [Singleton] as to the amount of payment and removing the house from the lot."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  Because Singleton conceded at the summary judgment hearing that his only remaining cause of action was gross negligence for Respondents' failure to provide notice of his jury trial, Singleton's remaining issues are not preserved for this court's review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue . . . must have been raised to and ruled upon [in circuit court] to be preserved for appellate review."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded [in circuit court] may not be argued on appeal."); *State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (holding an issue was unpreserved for appellate review when the appellant conceded the issue at trial); *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (holding an issue conceded in circuit court is procedurally barred); Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 187 (3d ed. 2016) ("An issue is not preserved for appellate consideration if it has been conceded in [circuit] court.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**