**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Varsheen Antuan Smith, Appellant.

Appellate Case No. 2018-000373

---

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-199
Submitted May 1, 2021 – Filed June 9, 2021

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, for Respondent.

---

**PER CURIAM:** Varsheen Antuan Smith appeals his convictions for kidnapping, possession of a handgun by a person convicted of a violent crime, and possession of a weapon during the commission of a violent crime and concurrent sentences of five years' imprisonment for each gun conviction and twenty-five years'

imprisonment for the kidnapping conviction. Initially, Smith's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asking to be relieved as counsel and arguing the trial court erred by admitting evidence that Monte Ver'mon Steve was found murdered weeks after Andre Frazier's kidnapping. After an *Anders* review, this court ordered the parties to brief the *Anders* issue and to include a preservation analysis.

Because Smith agreed the State could present evidence of Steve's death and Tyrone Wallace's murder charge, Smith only wanted the trial court not to permit the State to discuss any evidence related to his charge for accessory after the fact, and the evidence presented at trial was consistent with what Smith requested, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (holding an issue was unpreserved for appellate review when the appellant conceded the issue at trial); Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 187 (3d ed. 2016) ("An issue is not preserved for appellate consideration if it has been conceded in the trial court."); *State v. Brown*, 389 S.C. 84, 95, 697 S.E.2d 622, 628 (Ct. App. 2010) ("[The defendant] got the relief asked for and cannot complain on appeal.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] Smith's preservation argument relying on *State v. Forrester*, 343 S.C. 637, 541 S.E.2d 837 (2001), is not meritorious. First, as discussed above, Smith agreed the State could present evidence of Steve's death and Wallace's murder charge. Additionally, Smith's pretrial objection focused on the admission of *evidence*; he did not object based on an *argument* and did not raise an objection during opening statements. *See generally id.* at 642, 541 S.E.2d at 840 ("[W]here a judge makes a ruling on the *admission of evidence* on the record immediately prior to the introduction of the evidence in question, the aggrieved party does not need to renew the objection." (emphasis added)). Next, Smith contends he did not need to reobject when the first witness testified; however, the first witness only mentioned that Steve's mother filed a missing person report for Steve. Not until ten witnesses later did an investigator testify about finding Steve's remains and Wallace's subsequent murder charge, and Smith did not object to this testimony.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.