**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Dantae M., A Juvenile Under the Age of Seventeen.

Appellate Case No. 2020-000465

———————

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-287
Submitted June 1, 2022 – Filed July 6, 2022

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Dantae M. appeals a family court order adjudicating him delinquent of first-degree criminal sexual conduct (CSC) with a minor, sentencing him to probation until his eighteenth birthday, ordering sex-offender-specific counseling, and requiring him to register as a sex offender. On appeal, he argues the family court erred in allowing a sexual assault nurse examiner to testify regarding hearsay statements that exceeded the time and place limitation

contemplated in Rule 801(d)(1), SCRE. He also argues the family court's requirement that he register as a sex offender violated his constitutional right to equal protection of the laws. We affirm.

1. We hold Dantae's argument regarding the nurse's testimony is not preserved for appellate review. Initially, Dantae objected to the proposed testimony as general hearsay and did not raise the specific argument that the testimony exceeded the time and place limitation of Rule 801(d)(1)(D) to the family court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *State v. Stahlnecker*, 386 S.C. 609, 622, 690 S.E.2d 565, 572 (2010) (finding an issue was not preserved for appellate review when during the trial, the defendant objected to the introduction of a victim's statement as general hearsay and did not argue that the statement exceeded the time and place limitations of Rule 801(d)(1)(D)). Further, after the family court stated the nurse's testimony would be admissible "[i]f and when [Victim] testifie[d]," Dantae responded, "I don't dispute that." Thus, we find Dantae conceded this issue. *See State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (holding an appellant did not preserve an issue for appellate review when he conceded the issue during trial).

2. We hold the family court did not err in requiring Dantae to register as a sex offender. Because he has raised an equal protection argument but has not identified himself as a member of a suspect class or pointed to an implicated fundamental right, we apply the rational relationship test. The Supreme Court of South Carolina has held that mandating a sex offender register as such bears a rational relationship to the purpose of the sex offender registry. *See Curtis v. State*, 345 S.C. 557, 574, 549 S.E.2d 591, 600 (2001) (stating that in a case which does not implicate a suspect classification or a fundamental right, "the question under equal protection analysis is whether the legislation is rationally related to a legitimate state purpose"); *id.* at 574, 549 S.E.2d at 599-600 (explaining that under this analysis, "[a] classification does not violate the Equal Protection Clause if: (1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; and (3) the classification rests on some reasonable basis."); *In Interest of Justin B.*, 419 S.C. 575, 586, 799 S.E.2d 675, 681 (2017) (holding that requiring a juvenile to register as a sex offender did not violate his Fourteenth Amendment rights and stating that "[t]he requirement that adults and juveniles who commit criminal sexual conduct must register as a sex offender . . . bears a rational relationship to the Legislature's purpose in the Sex Offender Registry Act to

protect our citizens—including children—from repeat sex offenders"). Thus, we hold requiring Dantae to register as a sex offender does not violate his Fourteenth Amendment right to equal protection.[1]

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] Dantae also argued the Sex Offender Registry Act's lifetime registry requirement without judicial review violated his constitutional rights. We need not reach this argument because the South Carolina Legislature has since amended the statute to provide a means for judicial review. *See* 2022 S.C. Act No. 221 (requiring a juvenile who is adjudicated delinquent of certain offenses—including first-degree CSC with a minor—at fourteen years of age or older to register as a sex offender biannually for the rest of his or her life but allowing him or her to apply to the South Carolina Law Enforcement Division for removal from the registry after having been registered for at least fifteen years).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.