**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Levy Larkin Brown, Appellant.

Appellate Case No. 2021-000485

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2023-UP-365
Submitted October 2, 2023 – Filed November 15, 2023

**AFFIRMED**

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, and Senior Assistant Attorney General Mark Reynolds Farthing, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Levy Larkin Brown appeals his conviction for armed robbery and sentence of sixteen years' imprisonment. On appeal, Brown argues the trial court erred by admitting bloodhound tracking evidence because (1) the police officer who supervised the dog track should not have qualified as an expert in bloodhound tracking; (2) the bloodhound used by police to track the perpetrator was not reliable; and (3) the trail was contaminated. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the trial court did not abuse its discretion by admitting the bloodhound tracking evidence. *See State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Wallace*, 440 S.C. 537, 543, 892 S.E.2d 310, 313 (2023) ("[I]f the record reflects the trial court 'exercise[ed] its discretion according to law,' we will almost always affirm the ruling." (quoting *Morris v. BB&T Corp.*, 438 S.C. 582, 585-86, 885 S.E.2d 394, 396 (2023))). First, we hold the trial court did not abuse its discretion by qualifying the police officer as an expert because the officer had eighteen years' experience in dog tracking, had trained the Beaufort County Sheriff's Office bloodhound tracking team's dogs, and had qualified as an expert in at least one prior case. *See State v. Prather*, 429 S.C. 583, 599, 840 S.E.2d 551, 559 (2020) ("Before admitting expert testimony, a trial court must qualify the expert and determine whether the subject matter of the expert's proposed testimony is reliable, as required by Rule 702, SCRE."); *State v. White*, 382 S.C. 265, 272, 676 S.E.2d 684, 687 (2009) ("[A] sufficient foundation for the admission of dog tracking evidence is established if (1) the evidence shows the dog handler satisfies the qualifications of an expert under Rule 702; (2) the evidence shows the dog is of a breed characterized by an acute power of scent; (3) the dog has been trained to follow a trail by scent; (4) by experience the dog is found to be reliable; (5) the dog was placed on the trail where the suspect was known to have been within a reasonable time; and (6) the trail was not otherwise contaminated."); *State v. Henry*, 329 S.C. 266, 274, 495 S.E.2d 463, 467 (Ct. App. 1997) ("[D]efects in the amount and quality of the expert's education or experience go to the weight to be accorded the expert's testimony and not to its admissibility."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."). Second, we hold the trial court did not abuse its discretion by finding the bloodhound was reliable because the tracking team trained weekly with the bloodhound; the officer who monitored the bloodhound explained that the dog was trained weekly using specific

methodologies to track from a "last known scent" or "off a specific article"; the bloodhound's track was based on items that contained Brown's DNA; and the officer attested to his reliability. *See White*, 382 S.C. at 272, 676 S.E.2d at 687 (providing "a sufficient foundation for the admission of dog tracking evidence is established if . . . by experience the dog is found to be reliable"). Third, we hold the issue of the trail's contamination is not preserved for review because Brown conceded the issue at the pretrial hearing. *See State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (holding an issue conceded at trial is not preserved for appellate review).

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.