**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Desmond Lamar Green, Appellant.

Appellate Case No. 2024-000119

———————

Appeal From Beaufort County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-368
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Desmond Lamar Green appeals his conviction for first-degree domestic violence and sentence of ten years' imprisonment, suspended upon the service of five years' imprisonment and five years' probation. On appeal, Green

argues the trial court erred in denying his request to bifurcate his trial in order prevent the unfairly prejudicial effect of the jury learning of his prior convictions for domestic violence.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in refusing to bifurcate Green's trial because although there is stigma associated with prior convictions for domestic violence, the State was required to prove Green had "two or more prior convictions of domestic violence within ten years of the current offense" in order for the jury to convict him of first-degree domestic violence and the stigma associated with domestic violence does not equate to that associated with a prior conviction for a sexual offense.  *See State v. Cross*, 427 S.C. 465, 473, 832 S.E.2d 281, 285 (2019) ("In criminal cases, appellate courts sit to review errors of law only."); *id.* ("The appellate court reviews a trial [court's] ruling on admissibility of evidence pursuant to an abuse of discretion standard and gives great deference to the trial court." (alteration in original) (quoting *State v. Torres*, 390 S.C. 618, 625, 703 S.E.2d 226, 230 (2010))); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Cross*, 427 S.C. at 473, 832 S.E.2d at 285 ("[T]he conduct of a trial is largely within the discretion of the presiding judge, to the end that a fair and impartial trial may be had." (alteration in original) (quoting *State v. Heath*, 232 S.C. 384, 391, 102 S.E.2d 268, 272 (1958))); *State v. Gleaton*, 444 S.C. 394, 406, 906 S.E.2d 630, 637 (Ct. App. 2024) ("Generally, 'a bifurcated proceeding is not required in a non-capital case.'" (quoting *Chubb v. State*, 303 S.C. 395, 397, 401 S.E.2d 159, 161 (1991))); *State v. Bennett*, 256 S.C. 234, 242, 182 S.E.2d 291, 295 (1971) (indicating a bifurcated trial "is not required by either the common law, the statutory law, or the constitution of this [s]tate"); Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); Rule 611(a), SCRE (providing the "court shall exercise reasonable control over the mode and order of" presenting evidence in order to make the "presentation effective for the ascertainment of the truth"); S.C. Code Ann. § 16-25-20(B)(3) (Supp. 2025) ("[A] person commits the offense of domestic violence in the first degree if the person violates the provisions of subsection (A) and . . . has two or more prior convictions of domestic violence within ten years of the current offense . . . ."); *Cross*, 427 S.C. at 477-78, 832 S.E.2d at 287-88 (finding evidence of Cross's prior conviction for first-degree criminal sexual conduct (CSC) with a minor "had insurmountable probative value in proving the prior conviction element of first-degree CSC with a minor" but concluding the prior conviction was not probative of whether he committed the underlying sexual battery and the "danger of unfair prejudice arising from the admission of the [prior]

conviction at th[at] stage of the trial was exceedingly high, as Cross was standing trial on charges of first-degree CSC with a minor and committing a lewd act on a minor"); *id.* at 478, 832 S.E.2d at 288 (distinguishing Cross's case "from the first-degree burglary cases because of the inherently prejudicial stigma a prior sex-related offense undoubtedly carrie[d]"); *Gleaton*, 444 S.C. at 409-11, 906 S.E.2d at 637-39 (concluding the trial court did not err in denying Gleaton's motion to bifurcate his charge for possession of a firearm by a person convicted of a crime of violence from other charges in part because Gleaton's prior arson conviction did not carry "inherently prejudicial stigma"; therefore, the danger of unfair prejudice did not substantially outweigh the probative value of the prior unspecified conviction (quoting *Cross*, 427 S.C. at 478, 832 S.E.2d at 288)); *State v. Benton*, 338 S.C. 151, 155-56, 526 S.E.2d 228, 230 (2000) (concluding evidence of Benton's two prior burglary convictions were probative to prove an element of first-degree burglary and was not outweighed by the danger of unfair prejudice); *id.* at 156, 526 S.E.2d at 230-31 (providing that in a first-degree burglary case based on prior convictions, the trial court should not admit specific information regarding the prior crimes and *upon request, should "instruct the jury on the limited purpose for which the prior crime evidence [could] be considered"* (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.